IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Melissa Cole,                               ) | C/A No. 3:09-1301-CMC-PJG |
|                                             ) | |
|                   Plaintiff,                ) | |
|                                             ) | |
| v.                                          ) | **OPINION AND ORDER** |
|                                             ) | |
| Lexington-Richland School                   ) | |
| District 5,                                 ) | |
|                                             ) | |
|                   Defendant.                ) | |
| _____ ) | |

Through this action, Plaintiff Melissa Cole ("Cole") seeks recovery for alleged employment discrimination by her former employer, Defendant Lexington-Richland School District 5 ("the District"). Cole alleges that the District violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), by subjecting her to more severe discipline than male employees who engaged in similar misconduct.

This matter is now before the court on the District's motion for summary judgment. Dkt. No. 35. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On December 17, 2010, the Magistrate Judge issued a Report recommending that the District's motion for summary judgment be denied. On January 7, 2011, the District filed objections to the Report. For the reasons set forth below and in the Report, the District's motion for summary judgment is denied. The matter shall proceed to mediation and trial under the schedule set forth at the conclusion of this order.

1

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**FACTS**

The Report contains a detailed statement of the facts pertinent to resolution of the District's motion. The District's objections did not raise any issues in regard to the accuracy of this summary. The court thus incorporates the Report's factual summary for purposes of this order. *See* Dkt. No. 43 at 1-3.

**DISCUSSION**

Cole alleges that she was subjected to gender discrimination in the form of disparate discipline when she was placed on administrative leave, on or about July 31, 2008, and when she was forced to resign on August 18, 2008. Prior to her resignation, Cole was employed as Principal of River Springs Elementary School. Dkt. No. 1.

Based on these allegations, Cole asserts the District acted in violation of Title VII. The District moved for summary judgment. The Report recommends that the District's motion be denied because Cole has presented sufficient evidence from which a reasonable jury could find that she was the victim of unlawful gender discrimination. Dkt. No. 43 at 17. The District argues this recommendation is in error because: (1) Cole should be bound by and limited to the factual allegations and causes of action properly set forth in her complaint; (2) Cole has not set forth evidence of any valid comparators; and (3) the District's proffered legitimate reasons for its actions against Cole are not pretextual. Dkt. No. 44. Each objection is discussed in turn below.

**I.     COLE'S COMPLAINT**

The District asserts that the Report "contemplates both a constructive discharge claim by Cole and addresses comparators which are not asserted in Cole's [c]omplaint." Dkt. No. 44 at 1-2. The District argues that because these issues were not presented in Cole's complaint they should not serve as bases for denying summary judgment. *Id.* This court disagrees both with the District's premise and its conclusions.

**Constructive Discharge Claim.** Under the liberal pleading standard of Rule 8 of the Federal Rules of Civil Procedure and subsequent case law interpreting that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)); *see also Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972) ("Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present."). Cole clearly asserted a Title VII violation in her complaint and alleged that she "resigned her position as principal

3

under duress proximately caused by [the District] and was constructively discharged therefrom." Dkt. No. 1 at ¶ 8. She further alleges that "the District gave [Cole] the option to resign from her position or be terminated. Cole tendered her letter of resignation under duress on August 18, 2008, to prevent a termination from appearing on her employment record." *Id.* at ¶ 11.

These allegations are sufficient to raise a valid claim for constructive discharge in the form of forced resignation. The court, therefore, finds that Cole's complaint satisfied Rule 8 and provided the District with adequate notice that she was asserting a claim for constructive discharge.

**Multiple Comparators.** The District argues that because the complaint specifically identifies only a single comparator, Cole should be limited to proving her discrimination claim based on that comparator. Dkt. No. 44 at 4. This argument ignores the importance and purpose of the discovery process. *See Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947) (noting that the purpose of discovery is to allow the parties the opportunity to ascertain all the facts and evidence in a proceeding). Consistent with the requirements of Rule 8, Cole alleged a set of facts sufficient to support all elements of her claim of gender discrimination including the existence of a valid comparator. Dkt. No. 1. During the discovery process, Cole developed evidence of other comparators (through discovery obtained from the District). A list of these comparators was communicated to the District. The District also addressed these comparators in its motion for summary judgment. Dkt. No. 35 at 9-15. The District, therefore, was provided with adequate notice of Cole's reliance on multiple comparators. In short, the complaint adequately alleged Cole's Title VII claim, and the discovery process provided her with discovery of and the District with fair notice of additional comparators.

**II.     VALID COMPARATORS**

Cole proceeds in this matter under Title VII with distinct but overlapping legal theories for relief: (1) discrimination based on disparate discipline and (2) discrimination with regard to a disciplinary discharge. *See* Dkt. No. 43 at 6. Under either legal theory, Cole must show that male employees who were similarly situated were treated more favorably. *Id.* Cole proffered evidence of seven potential comparators. *See id.* at 9. The Report concluded that three of these potential comparators were invalid (*Id.* at 10-13), but recommended denial of summary judgment in part because Cole proffered sufficient evidence that the remaining four potential comparators, Lee Bollman ("Bollman"), Mike Satterfield ("Satterfield"), Don Doggett ("Doggett"), and Chris Thoma ("Thoma"), were similarly situated and treated more fairly. *Id.* at 13-14.

The District argues that the Report erred in concluding that Cole has proffered sufficient evidence to proceed to trial with these four potential comparators. The District argues Bollman is not similarly situated to Cole because his rumored inappropriate relationship with a subordinate is not comparable to Cole's rumored relationship with the superintendent. The District argues there was no disparate treatment of Doggett and Thoma because, like Cole, their resignations were reported to the Department of Education. Finally, the District argues that Cole did not proffer admissible evidence about alleged rumors surrounding Satterfield to qualify him as a valid comparator. The court disagrees with the District's arguments and, instead, adopts the reasoning and recommendation of the Report. *See* Dkt. No. 43 at 13-14.

First, as explained in more detail in the Report, "similarly situated" does not mean exactly the same. *See* Dkt. No. 43 at 7; *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001) (emphasizing that a comparator must be similarly situated in all material respects, not all respects).

Cole's alleged inappropriate relationship was between a supervisor and subordinate as was Bollman's. Regardless of Bollman's position as supervisor and Cole's position as subordinate in their respective relationships, the material similarity is that they were both allegedly involved in inappropriate supervisor and subordinate relationships.[1] Cole's proffered evidence is, therefore, sufficient at this stage to allow her to proceed treating Bollman as a potential comparator.[2]

The District's second argument refers to Cole's claim that she was reported to the Department of Education upon her forced resignation when similarly situated males were not. As to this argument, the District asserts that the resignations of Doggett and Thoma were reported to the Department of Education. Dkt. No. 44 at 6-7. However, as the Report notes, there is conflicting evidence on this point.[3] Dkt. No. 43 at 14. Cole has, therefore, presented sufficient evidence to allow her to proceed to trial with Doggett and Thoma as potential comparators.

Third, the District argues that Cole has failed to proffer admissible evidence of the content and veracity of the rumors circulating about Satterfield. Cole has, however, proffered admissible evidence that rumors of Satterfield's inappropriate relationship existed, a supervisor learned of the

---

[1] The District further argues that the allegation Cole was involved in a relationship with the *superintendent* makes it so unique that it cannot be similarly situated to Bollman's rumored relationship. Dkt. No. 44 at 5. The court disagrees. At least for purposes of summary judgment, it is enough that both relationships were allegedly between supervisors and subordinates.

[2] In addressing Bollman, the District refers to language in the Report which suggests the Report improperly shifted the burden to the District to establish Bollman was not a valid comparator. The District is correct that Cole has the burden to proffer sufficient evidence to raise a genuine issue of material fact as to whether an individual is a valid comparator. For reasons addressed above and in the Report, the court concludes she has met this burden.

[3] Angela Bain averred that she did report Doggett and Thoma's resignations to the Department of Education. Dkt. No. 35-3. Yet, Scott Andersen, who served as the superintendent when Doggett and Thoma resigned, testified in his deposition the resignations were not reported. Dkt. No. 41-3.

existence of the rumors, but no investigation was conducted. Dkt. No. 43 at 13-14. The failure to investigate in the face of rumors of an inappropriate relationship, not the substance or truth of the rumors, is what matters for present purposes. Cole has, therefore, proffered sufficient evidence to proceed to trial with Satterfield as a potential comparator.

As stated above, the Report found that Cole proffered insufficient evidence of three other male comparators. *See* Dkt. No. 43 at 10-13. Cole does not challenge the Report's conclusion. However, having reviewed the record in its entirety, the court declines to adopt the Report on this issue in one respect: the rejection of Steve Andersen ("Andersen") as a potential comparator. Dkt. No. 43 at 11-12. The District has not shown that Andersen fails the test for comparator as a matter of law. Cole may, therefore, proceed to trial with Andersen as a potential comparator.

For the purposes of summary judgment, the court finds that Cole has proffered sufficient evidence of five potentially valid comparators.

## III.    PRETEXT

Cole alleges that she experienced two adverse employment actions in violation of Title VII: (1) being placed on administrative leave and (2) constructive discharge in the form of forced resignation. The District asserts these actions were not discrimination because Cole was placed on administrative leave (and then forced to resign)[4] for being dishonest with the school board about her relationship with the superintendent. Thus, the District argues that Cole's administrative leave and forced resignation resulted from her perceived dishonesty to the school board. This position is,

---

[4] To the extent Cole alleges constructive discharge, the District rested its summary judgment motion on other grounds. *See supra* Section I. It did not, therefore, address whether it had a legitimate reason for forcing Cole's resignation. Nonetheless, for purposes of this order, the court presumes, as did the Report, that the District would advance the same argument for both the administrative leave and the forced resignation. *See* Dkt. No. 43 at 15.

7

however, countered by evidence that some members of the school board had not yet decided whether Cole was dishonest about her relationship with the superintendent. This is enough to raise a genuine issue of material fact as to pretext. Dkt. No. 43 at 15-16; *see Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 647 (4th Cir. 2002). For the reasons set forth above and in the Report, the court finds that Cole has presented sufficient evidence from which a reasonable jury could find the District's proffered explanations a pretext for unlawful discrimination.[5] Dkt. No. 43 at 14-17; *see Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

## TRIAL SCHEDULE

The pretrial schedule shall be as follows:

1. No later than February 25, 2011, the parties shall advise the court as to the anticipated length of trial.

2. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before March 11, 2011. *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

3. No later than March 25, 2011, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4. Motions in limine must be filed at least three weeks prior to jury selection.

---

[5] Cole alleges she was given the option to resign or face termination proceedings by letter from the District's general counsel. The District argues that because the letter was received in the process of Cole negotiating her separation from the District, it is inadmissable under Federal Rule of Evidence 408. The court reserves ruling on whether the letter itself will be admissible at trial. With or without the letter, Cole has proffered evidence that her resignation was forced, which is sufficient to support her constructive discharge claim.

8

5. Parties shall furnish the court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05).[6] Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. This case shall be called for trial during the May term of court, with jury selection set for May 19, 2011.

## CONCLUSION

For the reasons set forth above, the court adopts the reasoning and recommendation of the Report. The District's motion for summary judgment is denied. The matter shall proceed to mediation and trial under the schedule set forth above.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 8, 2011

---

[6] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.